IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00700-BNB

YOUNG YIL JO,

    Plaintiff

v.

SIX UNKNOWN NAMES AGENTS, OR
MR. PRESIDENT OF THE UNITED STATES BARACK OBAMA,

    Defendants.

---

ORDER OF DISMISSAL AND
TO SHOW CAUSE

---

    On March 6, 2014, Plaintiff Young Yil Jo, acting *pro se*, submitted a Complaint. Plaintiff has filed identical complaints on seven previous occasions since June 2010. *See Jo v. Six Unknown Names Agents or Mr. President of the United States Barack Obama*, No. 14-cv-00009-LTB (D. Colo. Feb. 10, 2014), *dismissed on appeal*, No. 14-1064 (10th Cir. Mar. 24, 2014) (failure to prosecute); *Jo, et al., v. Six Unknown Names Agents or Mr. President of the United States Barack Obama*, No. 13-03201-LTB (D. Colo. Jan. 2, 2014), *dismissed on appeal*, No. 14-1009 (10th Cir. Feb. 6, 2014) (failure to prosecute); *Jo, et al., v. Six Unknown Names Agents or Mr. President of the United States Barack Obama*, No. 13-cv-02545-LTB (D. Colo. Oct. 20, 2013), *dismissed on appeal*, No. 13-1521 (10th Cir. Jan. 7, 2014) (failure to prosecute); *Jo v. Six Unknown Names Agents or Mr. President of the United States Barack Obama*, No. 13-cv-00198-LTB (D. Colo. Mar. 7, 2013); *Jo v. Six Unknown Names Agents or Mr. President of the*

*United States Barack Obama*, No. 12-cv-02846-LTB (D. Colo. Dec. 10, 2012), *dismissed on appeal*, No. 13-1019 (10th Cir. Feb. 21, 2013) (failure to prosecute); *Jo v. Six Unknown Names Agents or Mr. President of the United States Barack Obama*, No. 12-cv-02341-LTB (D. Colo. Oct. 15, 2012); *Jabalera, et al., v. Six Unknown Names Agents or Mr. President of the United States Barack Obama*, No. 10-cv-00934-ZLW (D. Colo. June 8, 2010).

In each of the seven prior cases, and here, Plaintiff has failed to cure noted deficiencies within the time allowed. In particular, Plaintiff has not filed his claims on a Court-approved form and has failed either to pay the filing fee in full or, alternatively, to submit a request to proceed pursuant to 28 U.S.C. § 1915 on a Court-approved form. For the following reasons, the Court will dismiss this case with prejudice and direct Plaintiff to show cause why he should not be enjoined from submitting future filings to this Court.

A review of PACER (Public Access to Court Electronic Records) system, *see* http://www.pacer.gov/, as of April 18, 2014, indicates that Plaintiff has submitted 598 actions in various federal district courts. Several hundred of the actions were dismissed as frivolous, malicious, or for failure to state a claim. *See, e.g. Castaneda, et al., v. Six Unknown Named Agents*, No. 11-cv-01963-RSM (W.D. Wash. Mar. 26, 2012) (dismissed for failure to state a claim); *Castaneda, et al., v. Six Unknown Named Agents*, No. 12-cv-00076-JLR (W.D. Wash. Mar. 9, 2012) (dismissed for failure to state a claim and as legally frivolous); *Castaneda and Yil Jo v. Six Unknown Named Agents*, No. 11-cv-2159-JLR (W.D. Wash. Feb. 21, 2012) (dismissed for failure to state a claim and as legally frivolous; counts as strike); *Jo v. Six Unknown Names Agents*, No. 1:12-

CV-01567-AWI-GSA, 2012 WL 4511417, at *1 (E.D. Cal. Oct.1, 2012) (noting that plaintiff has filed more than 120 frivolous lawsuits in the United States District Court for the Eastern District of California and finding the cases are vexatious and in bad faith).

Also, three federal district courts have entered sanctions against Plaintiff as follows. In *Sarokin v. Six Unknown Names, et al.*, No. 10-cv-00131-C (N.D. Tex. June 24, 2010) (Sarokin is listed as plaintiff but he did not sign the complaint and Young Yil Jo was construed as only proper plaintiff), the Northern District of Texas found Plaintiff is an abusive litigant who at that time had filed over 175 virtually identical lawsuits in nine states. The Northern District of Texas further found Plaintiff engages in recreational activity that resulted in federal courts spending "inordinate amounts of scarce judicial resources in considering his frivolous, malicious, and factually insufficient complaints." *Sarokin*, No. 10-cv-00131-C, ECF No. 5 at 2.

Due to Plaintiff's abuse of the court system, the Northern District of Texas barred him from filing any further documents or additional federal lawsuits without express written consent of a Unites States District Judge or a Judge of the Fifth Circuit. *Id.* The Northern District of Texas also sanctioned Plaintiff $250 for the frivolous filing in Case No. 10-cv-00131-C and warned him that he would be sanctioned $250 every time he attempted to file any pleadings, regardless of their content, within the Northern District of Texas, until he provides proof that each and every sanction against him has been fully discharged. *Id.*

In *Jo v. Six Unknown Agents; or Mr. President of the United States, Barack Obama*, No. 13-cv-00478-KAM-LB (E.D. N.Y. Mar. 12, 2013), *dismissed on appeal*, No.

13-2436 (2nd Cir. Aug. 9, 2013) (failed to pay the fee in full or request leave to proceed *in forma pauperis)*, the Eastern District of New York found that Plaintiff had filed several hundred civil actions that were dismissed for failure to state a claim or as frivolous or malicious. *Jo*, No. 13-cv-00478, ECF No. 3 at 2. The Eastern District of New York found Plaintiff is a vexatious litigant and a serial filer of frivolous and malicious actions. *Id.* After directing Plaintiff to show cause why he should not be barred from filing any future actions in the Eastern District of New York, without first obtaining leave of court, and Plaintiff failing to respond and show cause, the Eastern District entered an order permanently enjoining him from filing any new actions in the Eastern District of New York without first obtaining leave from the court and directed the clerk of the court to return unfiled any action that is received without an application seeking leave. *Id.*, ECF No. 6 at 1-2.

Finally, in *In re Young Yil Jo*, No. 10-cv-00390, ECF No. 1 (N.D. Ill. Jan. 20, 2010), the Northern District of Illinois entered an Executive Committee Order that imposes filing restrictions on Plaintiff in the Northern District. *Id.* at 1. Plaintiff must file a motion to seek leave to file pursuant to the Executive Committee Order that includes a sworn statement certifying that the claims Plaintiff raises are new claims. *Id.*

"[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (citations omitted) (per curiam) (quoted in *Sieverding v. Colorado Bar Ass'n,* 469 F.3d 1340, 1343 (10th Cir. 2006)). Federal courts have the inherent power under 28 U.S.C. § 1651(a) to regulate the activities of abusive litigants by entering orders that are "necessary or

4

appropriate in aid of [the Court's] jurisdiction." *See Winslow v. Hunter (In re Winslow),* 17 F.3d 314, 315 (10th Cir. 1994) (per curiam)*; Tripati,* 878 F.2d at 352. "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances," *Cotner v. Hopkins,* 795 F.2d 900, 902 (10th Cir. 1986), and "where, as here, a party has engaged in a pattern of litigation activity which is manifestly abusive, restrictions are appropriate," *In re Winslow,* 17 F.3d at 315.

The Court may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process. *Phillips v. Carey,* 638 F.2d 207, 209 (10th Cir. 1981). These restrictions may be directed to provide limitations or conditions on the filing of future suits. *Id.* Injunctions restricting further filings are appropriate where (1) the litigant's lengthy and abusive history is set forth; (2) the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and (3) the litigant receives notice and an opportunity to oppose the court's order before it is implemented. *Tripati*, 878 F.2d at 353-54.

While this Court has an obligation to give *pro se* litigants wide latitude, *see Haines v. Kerner,* 404 U.S. 519 (1972), the Court cannot accept the filing of repetitious, meritless lawsuits. Given Plaintiff's history and his attempt in this case to continue his filing of vexatious and frivolous actions, the Court will direct Plaintiff to show cause why he should not be enjoined from filing any future *pro se* actions in this Court that like the lawsuits filed in various other federal district courts, are vexatious and frivolous.

Unless he demonstrates good cause to avoid filing restrictions, Plaintiff will be

enjoined from proceeding as a plaintiff or applicant in an original proceeding unless he is represented by a licensed attorney admitted to practice in this Court or unless he first obtains permission to proceed *pro se*. To obtain permission to proceed *pro se*, Plaintiff must take the following steps:

>   1.  File a motion titled, "Motion Pursuant to Court Order Seeking Leave to File a Pro Se Action";
>
>   2.  Attach to the motion a copy of the injunction that imposes these recommended filing restrictions;
>
>   3.  Attach to the Motion a list of all civil actions Plaintiff currently has pending or has filed in all federal district courts, including the name, number, and citation, if applicable, of each case, and the current status or disposition of each proceeding;
>
>   4.  Attach to the Motion a completed Court-approved prisoner complaint form and either pay the $400 filing fee, or in the alternative submit a request to proceed pursuant to 28 U.S.C. § 1915 on a form that is approved by this Court and applicable to the action being filed, and attach a certified inmate account statement as required;
>
>   5.  Attach to the Motion a notarized affidavit that certifies Plaintiff has not presented the same claims in another federal district court, that the claims are not frivolous or taken in bad faith, that the lawsuit is not interposed for any improper purpose to harass or cause unnecessary delay, and that the filing complies with this injunction, the Fed. R. Civ. P. 8, all other provisions of the Federal Rules of Civil, and the Local Rules of Practice of the United States District Court for the District of Colorado.

This Court has the power to impose still further sanctions such as costs, attorney fees, and double costs for the filing of frivolous actions, as well as an outright ban on certain proceedings, whether *pro se* or counseled. Fed. R. Civ. P. 11. Based on

Plaintiff's continuing vexatious litigation, and the Court's need to deter repetition of his conduct, see Rule 11(c)(4), the Court warns Plaintiff that the Court will assess Plaintiff a $400 monetary sanction and strike the filings if he submits any future filings that do not comply with these restrictions.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal. See *Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Complaint and action are dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to cure all deficiencies and for failure to prosecute. It is

FURTHER ORDERED that Plaintiff show cause why the United States District Court for the District of Colorado should not enjoin him from filing any future *pro se* actions in this Court as set forth above. It is

FURTHER ORDERED that Plaintiff shall file a Response to this Order to Show Cause within thirty days of the date of the Order. It is

FURTHER ORDERED that if Plaintiff fails to respond within thirty days an order enjoining him from filing future *pro se* pleadings as described above shall be entered by this Court. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED April 22, 2014, at Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court