IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00700-LTB

YOUNG YIL JO,

    Plaintiff

v.

DAVID BERKEBILE,

    Respondent.

---

IMPOSITION OF SANCTIONS

---

On April 22, 2014, the Court ordered Plaintiff, Young Yil Jo, to show cause within thirty days why he should not be enjoined from proceeding as a plaintiff or applicant in an original proceeding unless he is represented by a licensed attorney admitted to practice in this Court or he first obtains permission to proceed *pro se*. Plaintiff has failed to respond to the Court's show cause order within the time allowed.

"[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (citations omitted) (per curiam). "Federal courts have the inherent power under 28 U.S.C. § 1651(a) to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances." *See Andrews v. Heaton,* 483 F,3d 1070, 1077 (10th Cir. 2007) (citing *Sieverding v. Colo. Bar. Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006); *Tripati v. Beaman*, 878 F.2d 351, 351 (10th Cir. 1989). "There is strong

precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances," *Cotner v. Hopkins,* 795 F.2d 900, 902 (10th Cir. 1986), and "where, as here, a party has engaged in a pattern of litigation activity which is manifestly abusive, restrictions are appropriate," *In re Winslow,* 17 F.3d 314, 315 (10th Cir. 1994).

Filing restrictions, therefore, are appropriate in this case, as provided for in *Tripati*, 878 F.2d at 351. Applicant has a lengthy and abusive history, and the Court has provided a guideline to him to obtain permission to file civil actions in this Court, of which he received notice and an opportunity to oppose before it is implemented. *Tripati*, 878 F.2d at 353-54.

Therefore, it is ORDERED that to obtain permission to proceed *pro se*, Plaintiff must take the following steps:

> 1. File a motion titled, "Motion Pursuant to Court Order Seeking Leave to File a Pro Se Action";
>
> 2. Attach to the motion a copy of the injunction that imposes these recommended filing restrictions;
>
> 3. Attach to the Motion a list of all civil actions Plaintiff currently has pending or has filed in all federal district courts, including the name, number, and citation, if applicable, of each case, and the current status or disposition of each proceeding;
>
> 4. Attach to the Motion a completed Court-approved prisoner complaint form and either pay the $400 filing fee, or in the alternative submit a request to proceed pursuant to 28 U.S.C. § 1915 on a form that is approved by this Court and applicable to the action being filed, and attach a certified inmate account statement as required;
>
> 5. Attach to the Motion a notarized affidavit that certifies Plaintiff has not presented the same claims in another

>federal district court, that the claims are not frivolous or taken in bad faith, that the lawsuit is not interposed for any improper purpose to harass or cause unnecessary delay, and that the filing complies with this injunction, the Fed. R. Civ. P. 8, all other provisions of the Federal Rules of Civil, and the Local Rules of Practice of the United States District Court for the District of Colorado.

It is FURTHER ORDERED that this Court has the power to impose still further sanctions such as costs, attorney fees, and double costs for the filing of frivolous actions, as well as an outright ban on certain proceedings, whether *pro se* or counseled. Fed. R. Civ. P. 11.  Based on Plaintiff's continuing vexatious litigation, and the Court's need to deter repetition of his conduct, *see* Rule 11(c)(4), the Court will assess Plaintiff a $400 monetary sanction and strike the filings if he submits any future filings that do not comply with these restrictions.

DATED at Denver, Colorado, this   3rd   day of    June      , 2014.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

3